<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1424**

ESTATE OF PEOLA WINGFIELD, DECEASED, By and Through His Administratrix, Edna K. Thompson,

        Plaintiff – Appellant,

    v.

RICHARD E. CURTIS, JR., M.D., Individually; WILLIAM RHOADES, Dr., PH.D., Individually and In His Official Capacity as Psychologist and Employee of the Richmond City Jail; JAMES O. WOMACK, Captain, Individually and In His Official Capacity as an Employee of the Richmond City Jail; DERRICK MCGEE, Individually and In His Official Capacity as an Employee of the Richmond City Jail; UNKNOWN DEPUTIES SHERIFFS; UNKNOWN NURSES; UNKNOWN PHYSICIAN'S ASSISTANTS; OTHER UNKNOWN EMPLOYEES OF THE RICHMOND CITY JAIL, Individually and In Their Official Capacities as Employees of the Richmond City Jail,

        Defendants – Appellees,

    and

MICHELLE B. MITCHELL, Individually and in Her Official Capacity as Sheriff of the City of Richmond; DR. CHANG, M.D., Individually and In His Official Capacity as an Employee of the Richmond City Jail; JACK FREUND, M.D., Individually and In His Official Capacity as Medical Director for the Division of Medical Services for the Jail; DR. ZELDA JOHNSON, M.D., Individually and in His Official Capacity as an Employee of the Richmond City Jail; SGT. CUSHIONBERRY, Individually and In His Official Capacity as an Employee of the Richmond City Jail; SGT. WILKINS, Individually and In His Official Capacity as an Employee of the Richmond City Jail; HERBERT R. ANDERSON, Individually and in His Official Capacity as an Employee of the Richmond City Jail; NURSE SMITH, Individually and in His Official Capacity as an Employee of the Richmond City Jail; NURSE

MILLS, Individually and in His Official Capacity as an Employee of the Richmond City Jail; WARNER LIPSCOMB, Individually and In His Official Capacity as an Employee of the Richmond City Jail; JERON BROOKS, Individually and In His Official Capacity as an Employee of the Richmond City Jail,

Defendants.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Chief District Judge. (3:06-cv-00247-JRS)

---

Submitted: March 30, 2012                Decided: July 20, 2012

---

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

JeRoyd W. Greene, III, ROBINSON & GREENE, Richmond, Virginia, for Appellant. William D. Prince, IV, THOMPSONMCMULLAN, P.C., Richmond, Virginia; Brewster S. Rawls, Ramon Rodriguez, III, RAWLS, MCNELIS & MITCHELL, P.C., Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case arises out of the death of an inmate, Peola Wingfield, in the Richmond City Jail ("Jail"). Wingfield's Estate ("the Estate") filed an action in the district court naming numerous Jail employees as defendants, raising claims pursuant to 42 U.S.C. § 1983 (2006), as well as several state law claims, including medical malpractice, breach of contract, ordinary and gross negligence, and wrongful death.

After years of litigation, including a prior appeal to this court resulting in a remand, the district court granted summary judgment in favor of the Defendants. The Estate timely appealed.

On appeal, the Estate raises nine issues: (1) whether the district court erred in denying its motion to deem admitted the allegations in the Revised Second Amended Complaint; (2) whether the district court erred in excluding Dr. Richardson's expert testimony regarding Wingfield's cause of death; (3) whether the district court erred in denying Wingfield's estate's motion for leave to supplement an expert opinion report; (4) whether the district court erred in limiting the testimony of Dr. Rouhier, Wingfield's treating physician in the emergency room at Retreat Hospital, to matters regarding his treatment of Wingfield; (5) whether testimony of Wingfield's treating physician created a genuine issue of material fact

regarding the cause of Wingfield's death rendering summary judgment error; (6) whether the district court erred in determining that the Estate failed to show certain elements required to state a claim for the violation of 42 U.S.C. § 1983 (2006); (7) whether the district court erred in finding that Dr. Rhoades did not act with deliberate indifference, was not grossly negligent, or that his deliberate indifference did not cause Wingfield's death; (8) whether the district court erred in finding that Captain Womack had no role in treating Wingfield other than meeting with Wingfield's family and denying them a visit with Wingfield; and (9) whether the district court erred in granting summary judgment to Nurse McGee on the § 1983 claim.

This court reviews the trial court's discovery decisions for abuse of discretion. Nader v. Blair, 549 F.3d 953, 958-59 (4th Cir. 2008). After thorough review of the record, we conclude that the district court did not abuse its discretion in reaching its decision on the discovery-related issues.

With regard to the remaining claims, we have reviewed the extensive and well-reasoned opinion of the district court, and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. Estate of Peola Wingfield v. Curtis, No. 3:06-cv-00247-JRS (E.D. Va. Mar. 28, 2011).

4

We grant the motion to submit on briefs and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>